IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

WILLIE DAVID JACKSON,

                Plaintiff

    VS.

JOE CHAPMAN, Sheriff, *et al.*,

                Defendants

NO. 3:08-CV-60 (CDL)

Proceedings Under 42 U.S.C. §1983
Before the U. S. Magistrate Judge

# RECOMMENDATION

Before the court are two motions seeking summary judgment: one filed by defendants Joe Chapman and W.H. Elliot; the other filed by defendant Key Glass.[1] Tabs #80 and #84. Each motion is supported by a brief, exhibits, and statement of material facts. *See* Tabs #81, #82, #85, and #86. Upon receipt of these motions, the undersigned directed plaintiff Willie David Jackson to file responses thereto. Tabs #83 and #87. The plaintiff filed a single response. Tab #88. The defendant's motions are ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2007, plaintiff Willie David Jackson was arrested by a City of Monroe, Georgia police officer pursuant to a valid bench warrant. He was transported to the Monroe Police Department, and booked for the offense of failure to appear. During this process, plaintiff was photographed and had his personal property inventoried and secured. According to his booking record, and with the exception of his clothing, the items of personal property that the plaintiff had in his possession at the time of his arrest included a belt and a hat.

After he was booked, the plaintiff Jackson was transported to the Walton County Jail. At the time of this transfer, he was issued a standard jail jumpsuit. His clothing and personal property were turned over to and inventoried by Walton County officials.

A little more than a month later, plaintiff requested medical care. His symptoms included headaches and dizziness. A few days later, he asked that his vision be checked and that he be provided with eyeglasses. This request was repeated five days later. Unhappy with the jail physician's decision not to provide him with an eye exam or glasses, the plaintiff filed a grievance.

---

[1] The undersigned notes that an individual identified as Nurse Sharon has been named as a defendant in this action. A review of the docket in this case indicates that Nurse Sharon has never been served with this action and, as such, is not properly before the court.

In his grievance, plaintiff Jackson alleged that during intake, an unnamed staff member had confiscated his eyeglasses. He also complained that he was being subjected to cruel and unusual punishment insofar as he had not been given the eye exam and/or eyeglasses he had requested. In response to this grievance, defendant Elliott advised the plaintiff that any complaints about actions allegedly taken during his intake by the Monroe Police Department could not be addressed using a Walton County grievance. Defendant Elliott then added that the plaintiff could have eyeglasses if a friend or family member brought them to the jail.

Thereafter, and for the remainder of his incarceration in the Walton County Jail, plaintiff Jackson continued to submit medical requests concerning his vision problems. In response to these requests, he was repeatedly examined by medical personnel and treated with oral analgesics. No other grievances were filed by the plaintiff.

On July 14, 2010, while incarcerated at the Paulding Probation Detention Center, plaintiff Jackson filed the instant action. Tab #1. Therein, he alleged, *inter alia*, that the defendants each participated in the unlawful confiscation of his eyeglasses and the withholding of related medical care and treatment. In response to these claims, and after answering the lawsuit, the defendants filed the instant motions seeking summary judgment.

## LEGAL STANDARDS

### LAW OF SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*

> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2]*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

# DISCUSSION

In support of their requests for summary judgement, the defendants (as noted above) submitted numerous evidentiary exhibits.  Included among these exhibits are copies of the plaintiff's booking and intake forms that were completed at the time of his arrest and subsequent transfer to the Walton County jail, as well as copies of his medical records kept during the course of his incarceration.  Relying upon information contained in these documents, the defendants contend that plaintiff Jackson's has failed to state a claim upon which relief can be granted.

More specifically, and with regard to the plaintiff's claim that his eyeglasses were confiscated, the defendants aver that, at the time of his arrest, plaintiff had no eyeglasses in his possession.  To further support this assertion, the defendants point to the personal property inventory forms which, over the plaintiff's own signature, contain no indication of eyeglasses.  Upon this contention, the defendants conclude that the plaintiff's eyeglasses confiscation claim is unfounded and should fail.

With respect to plaintiff Jackson's claim that his constitutional rights were violated through a collective failure and/or refusal to provide him with an eye exam and eyeglasses, the defendants premise their arguments upon information contained in relevant portions of the plaintiff's rather voluminous medical records.  Upon these records, the defendants assert that each of the plaintiff's requests for medical attention were directed to and dealt with by qualified medical personnel who, when indicated, provided the plaintiff with appropriate medical care and treatment.  Moreover, and in addition to their averment that the plaintiff was routinely provided with all necessary medical treatment, the defendants point to absolute lack of objective medical evidence that the plaintiff has a medical condition that affects his vision.  For these reasons, the defendants conclude that, like his confiscation claim, his medical treatment claim is unfounded and must fail.

In his response, and rather than going beyond the pleadings to address the defendants' arguments, the plaintiff offers a brief, albeit creative, series of objections to the defendants' statements of material facts.  One example of the plaintiff's response is as follows:

> *"in response to the defendant's pursuant to U.S.C.R. 6.5.1 file this their statement of material facts, plaintiff object thereto on grounds that this statement of material facts overly broad, unduly burdensome and seeks the statement of material facts, of matter which is neither relevant nor reasonably calculated to lead to the summary judgment of admissible evidence"*

In view of the above, the undersigned feels compelled to note that the plaintiff was explicitly advised in both orders directing him to respond to the defendants' motions seeking summary judgment of his obligation **to go beyond the pleadings** by pointing to evidence that could lead a reasonable jury to conclude that the defendants' deliberate actions caused him actual injury. Having reviewed his response, it is patently obvious that he has failed to meet this obligation. Consequently, upon a careful review of the record in this case, and in accordance with the relevant legal standards, it appears that the defendants' motions stand uncontested and that they are entitled to judgment as a matter of law.

Accordingly, **IT IS RECOMMENDED** that the defendants' motions seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 1st day of SEPTEMBER, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE